## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 754 | **DATE** | 5/2/2013 |
| **CASE TITLE** | Pullman Sugar, LLC vs. Intrastate Distributors, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth below, Defendant's motion to dismiss [12] is granted. Pursuant to Defendant's agreement, rather than dismiss the case under Rule 12(b)(2), the court transfers the case to the Eastern District of Michigan pursuant to 28 U.S.C. § 1631. The Clerk is requested to effectuate the transfer pursuant to Local Rule 83.4. The 8/7/2013 status hearing [20] is stricken. Civil case closed.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Intrastate Distributors, Inc., has moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(2) for want of personal jurisdiction. Doc. 12. Based on the affidavit of Tim Dabish, its president and principal owner, Intrastate argues that it does not have sufficient contacts with Illinois to support the exercise of personal jurisdiction over it. Plaintiff Pullman Sugar, LLC, makes one and only one argument in response—that Dabish's affidavit admits that Intrastate "distributes products in Illinois," which means that a provision of the Motor Carrier Act, 49 U.S.C. § 13304(a), requires Intrastate to designate an agent for service of process in Illinois, which in turn means Intrastate has consented to be sued in Illinois. *See R.R. Donnelley & Sons Co. v. Jet Messenger Servs., Inc.*, 2004 WL 1375402, at *2-4 (N.D. Ill. May 25, 2004).

Pullman's argument fails because its initial premise—that Dabish's affidavit admits that Intrastate distributes products in Illinois—is incorrect. The affidavit admits no such thing; it avers only that Intrastate's products are distributed in Illinois, not that Intrastate *itself* distributes its own products in Illinois. Indeed, Dabish avers that Intrastate's employees "do not travel to Illinois for any business relating to or involving Intrastate." In a supplemental affidavit, Dabish confirms that "Intrastate's trucks do not travel to the State of Illinois to deliver products" and that "Intrastate does not use its own trucks to transport products into the state of Illinois." Given this, Intrastate is not required by § 13304(a) to designate an agent for service of process in Illinois, which in turn means that Intrastate has not thereby consented to be sued in Illinois. Pullman's opposition brief offers no other argument to support its view that Intrastate distributes its own products in Illinois, and any such arguments are forfeited.

| | Courtroom Deputy Initials: | JD |
|---|---|---|

**STATEMENT**

Illinois, and any such arguments are forfeited. *See Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 817-18 (7th Cir. 2006). Because Pullman has offered the court no other basis for concluding that Intrastate is subject to § 13304(a), its sole ground for opposing Intrastate's Rule 12(b)(2) motion fails. And Pullman has forfeited any other ground for opposing Intrastate's motion.

The courts are split over whether 28 U.S.C. § 1631 allows a court to transfer rather than dismiss a case upon finding that the defendant is not subject to personal jurisdiction. *See* 15 Wright, Miller & Cooper, Federal Practice and Procedure, § 3842, at 8-11 (3d ed. 2007). Intrastate has mooted the point by agreeing to have the case transferred to the Eastern District of Michigan, where it indisputably is subject to personal jurisdiction and where venue indisputably lies. Because that District appears to be the most and perhaps the only appropriate forum for this litigation, and because Pullman can dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(I) if it does not want to proceed in that District, the court will transfer the case rather than dismiss it.